GLORIA J. GOODSMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JAMES R. GOODSMAN AND MARILYN E. GOODSMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goodsman v. Commissioner
Docket Nos. 24229-81, 24912-81.
United States Tax Court
T.C. Memo 1985-596; 1985 Tax Ct. Memo LEXIS 29; 51 T.C.M. (CCH) 64; T.C.M. (RIA) 85596; December 10, 1985. *29 Held: Petitioner in docket No. 24229-81 contributed the majority of the support for her two children in 1978, and, therefore, is entitled to two dependency exemptions. Held further, petitioners in docket No. 24912-81 are not entitled to the two dependency exemptions in issue. Joseph Falcone, for the petitioner in docket No. 24229-81. Michael Oesterle, for the petitioners in docket No. 24912-81. Roberta M. Hamm, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in the Federal income tax *30 of Gloria J. Goodsman (docket No. 24229-81) for the calendar year 1978 in the amount of $321.00. The deficiency determined for the calendar year 1978 in the Federal income tax of petitioners James R. Goodsman and Marilyn E. Goodsman (docket No. 24912-81) is in the amount of $565.00. The two cases were consolidated for trial, briefing, and opinion. The deficiencies arise out of the fact that Mrs. Gloria J. Goodsman and petitioners James R. and Marilyn E. Goodsman each claimed dependency exemptions for the two children of Mrs. Gloria J. Goodsman (Mrs. Goodsman) and her former husband Mr. James R. Goodsman (Goodsman). They were divorced in 1976. For convenience our Findings of Fact and Opinion are combined. Some of the facts have been stipulated and are so found. At the time each petition in this case was filed, all petitioners were residents of Ypsilanti, Michigan. A divorce decree awarded custody of the two children to Mrs. Goodsman and they resided with her in her residence in Ypsilanti during the entire year of 1978. She, therefore, is the custodial parent. At that time the children were, respectively, ages 9 and 7. Goodsman was required by the decree of divorce to pay *31 child support for the two children and to make other payments for their benefit. During the year 1978 he paid the total sum of $4,212 for the benefit of both children or $2,106 per child. Under section 152(e)(2)(B), [1] as in effect for the year 1978, a noncustodial parent who provides $1,200 or more for support of a child during a calendar year is entitled to claim that child as a dependent unless the custodial parent clearly establishes that he or she has provided more for the support of the child during the year than the noncustodial parent. The parties have stipulated that Goodsman paid $2,106 for the support of each of the two children, which is more than $1,200 each. Therefore, he is entitled to claim each child as a dependent unless Mrs. Goodsman has "clearly established" that she provided more than $2,106 of the support for each child during the year. This is the factual issue for our determination. It largely depends on whether or not it is appropriate to take into account the fair rental value of the house occupied during the year by Mrs. Goodsman and the children as a contribution by her to the support of the children. Respondent is essentially a stake holder. *32 The residence was the joint residence of Mrs. Goodsman and Goodsman immediately prior to the divorce and we assume, although it is not clear on this record, that title to the house was in their names as joint tenants with right of survivorship. In any event, the decree of divorce converted the title into their names as tenants in common but provided that Mrs. Goodsman: Shall hereafter have the sole right of possession of said premises with no other permanent occupants or residents other than cross-plaintiff [Mrs. Goodsman] and children so long as she pays all maintenance, taxes and insurance, and mortgage payments on the same. Said property shall at such time as [Mrs. Goodsman] remarries, the youngest child reaches 18 or the wife vacates the property, be sold and the proceeds from such sale shall be divided equally between the parties. With respect to property owned as tenants in common, the normal rule is that each co-owner is considered to have contributed support equally, neither parent being entitled to claim the fair rental value. ; . This *33 Court has recognized an exception to this rule where the divorce decree provides that the custodial parent is entitled to exclusive use and occupancy of the residence. In such case, the custodial parent is deemed to have contributed to the support of each child that portion of the entire rental value of the residence allocable to each. . Counsel for Goodsman seeks to distinguish Bruner on the basis of and . We do not agree that either Carter or Godier are applicable to the facts of this case. In Godier there was at best an oral agreement as to the use of the residence by the custodial parent until such time as the property was sold. In Carter, legal title to the residence was vested in the noncustodial parent by the divorce decree. We applied Oklahoma law and determined that in that circumstance the residence was furnished by the noncustodial parent as support for the children. Neither case is on point. We, therefore, conclude that Mrs. Goodsman is entitled to claim a pro rata part *34 of the full rental value of the house as part of the support furnished by her for the benefit of the two children. Based on the testimony of Mrs. Goodsman's expert, we find that the fair rental value of the house in 1978, unfurnished with a tenant paying the cost of utilities, was between $500 and $525. For a furnished house, the rental would have been $600 to $625. Under the divorce decree, almost all of the furniture and furnishings were awarded to Mrs. Goodsman; hence, the house must be treated as furnished. We conclude that the rental value in 1978 was $600 a month plus utilities. The parties have stipulated that during 1978 Mrs. Goodsman paid $305.76 for electricity, $409.82 for 11 months of gas, and $76.95 for water and sewer service. However, there was no evidence as to the actual amount of the November payment to Michigan Consolidated Gas Company. As we are entitled to do under , we estimate that the November gas bill would have been the average of the months of October and December or the sum of $29.87. Thus, the total payments for utilities during the year 1978 were $822.40 and the rental value plus *35 utilities amounts to $8,022.40. Since on this record the total lodging costs are allocable equally to the three persons residing in the house, the value of lodging furnished to each child by Mrs. Goodsman is the sum of $2,675. [2] The parties have further stipulated that Mrs. Goodsman paid to Michigan Bell Telephone Company during the year a total sum of $352.93. Since each of the monthly bills varied substantially, there must be toll charges included with the basic telephone service costs. We have no evidence, however, as to what those costs are nor do we have any evidence as to the extent to which the telephone may have been necessary or desirable for children ages 7 and 9. We, therefore, decline to consider the payments for telephone service as part of the utilities furnished with the house. The testimony reflects that food for the custodial parent and the two children cost approximately $60 per week or $3,120 per year.The children during the year 1978 did spend some time with the noncustodial parent. Thus, we find that $900 per child per year was spent for food, school lunches, and away from home meals. Clothing, including dry cleaning, we estimate for each child at $400 per *36 year and hair cuts, allowances, and other miscellaneous expenses at $75 per child. Vacation and recreational expenses were incurred for each child in the estimated amount of $250 per year. Finally, in the case of the son, an additional $120 was incurred for rental of a musical instrument. Thus the total support for each child paid by Mrs. Goodsman during the year 1978 was in the case of the daughter not less than $4,300 and in the case of the son not less than $4,420. [3] Mrs. Goodsman has thus clearly established that during the year 1978 she provided more support for each of her two children without taking into account the fact that the county provided health insurance for her and for the two children as part of her salary as a school teacher. It is unclear whether or not this element should be taken into account, but it is immaterial in this case. Mrs. Goodsman is entitled to claim both children as dependents for the year 1978. *37 Decision will be entered for the petitioner in docket No. 24229-81.
Decision will be entered for the respondent in docket No. 24912-81.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The fact that Mrs. Goodsman paid the mortgage and insurance on the house is not taken into account since these items are included within the fair rental value. She also testified that maintenance amounted to approximately $100 and she may well have incurred costs for lawn care, etc. We have taken those facts into account in determining the fair rental value. ↩
3. We have used our best judgment, based upon the record, to arrive at these amounts, making "as close an approximation" as we could, "bearing heavily" against petitioner Mrs. Gloria J. Goodsman, all in accordance with .↩